May it please the court, my name is David Gross. I represent the Appellant Alaska Interstate Construction or AIC for short. If I could I'd like to reserve two minutes for rebuttal. The critical issue before this court today is whether the term policy period must be construed by combining the initial policy period with the renewal policy period or whether the two policy periods must be viewed independent of one another. Well let's start with the basics. When was the claim made initially? The claim was made on January 10, 2013 and we know that because if we if we try to define what is meant by the claim the term claim made you have to sort of define the word claim and the policy is very clear that the term claim means a demand for money or a demand for damages. So if you look at that term and you combine that with the term made the moment that there is a effort to seek damages or there's a rendition of a demand for damages that is going to be the moment that the claim is made. Can we count on that representation as binding your client? Yes your honor there's no question in this case that that AIC has conceded the fact that on January 10, 2013 a claim was made because that's the day VC Sellers picked up the phone called AIC and said we think you did something wrong we want a bunch of money. But even even if one could construe other provisions of the insurance contract in a way that suggests that you had to combine both receipt of the information about the claim that is the insurance company had to receive it with the definition of claim you still agree that January 10, 2013 that the claim was made for purposes of this policy? Yes your honor I think that the portion of the policy that you're discussing is the is the portion of the policy that follows directly after the policy where it says the claim must be made and reported during the same policy period and that language seems to be very ambiguous to me. I appreciate that let me just ask you this I it seems to me that what if your argument were successful and I agree you cited a lot of cases that are described at least in the authorities as the minority cases in quotes the minority perspective you would basically do away with claims made policies. It would so mush them up that they would just disappear because every insurance company would know that on any given circumstance that it would be held to what would normally require an occurrence policy for coverage. What makes sense in this case well why should we convert what at least on its face seems to be a straight claims made policy into an occurrence policy? Your honor I disagree that we would convert this into a claims made policy. We're simply following the rules that were set forth in the policy itself. The policy itself says that the claim must be made and reported during the same policy period. The term policy period is the part that is the dispositive issue that we must define in this case. So if we look at the policy first of the policy period is defined in the declaration. That's true. Attached to the insurance policy and then you look at the first one as extended went through May I forget what May 31st or something like that. Normally that would be the end of it. You're making an argument that it doesn't make any sense for that to be the end of it. What is your best argument that these two policies were merged? Frankly that's what your argument is is that they were merged. But I think the best argument is to simply look at the common sense of what would happen if you don't combine these two policy periods together. The brief provides a number of different examples. One being that it's been insured if a claim is made against insured on the last day of the initial policy period and then that claim is reported on the first day of the renewal policy period. Essentially a delay of two days. The insurance company could come forward and say oh you're out of luck. It happens in California all the time especially with lawyers I might point out. Because all they'll do with lawyers is have claims made policies. They found they got stung so badly with the occurrence policies they said no I'm gonna do it anymore. It's all claims made. The sad story that you talk about happens all the time. But that's why claims made policies are so much less expensive than occurrence policies. If you want to pay for one great but you can't have an occurrence policy when you pay for a claims made policy can you? Well whether it's a claims made policy or a occurrence based policy the fundamental principle that we have to follow here is what is the reasonable expectations of the insured. And it's not the reasonable expectations of a lawyer or a claims. Your insured didn't get a claim coming through the door on the last day. No. Your insured got a notice of something and that's another issue I don't want to prejudge but well in advance of the date that mattered and well in advance of filling out the questionnaire for the date for the second policy period second policy of the date that mattered. So I understand there are circumstances where courts sometimes have twisted around but that's not this case. This case there's no question but that the episode if it counts as a claim the episode was known to your client well before the dates that counted. But I think it's important for us to take a step back and appreciate the fact that no misrepresentation claim has been made in this case. Crumman Forrester and the district court sort of wanted to punish AIC because of this perceived delay or this perceived misrepresentation of the application. But if you look at the complaint and the answer and all the briefing. I didn't think the court got to that. It did not but it you could read between the lines in the effort that they're talking the district court is talking about AIC gambling and taking a chance that the claim would not ultimately be discovered. And that's not really what happened here. And even if it was, Crumman Forrester was obligated to bring a misrepresentation claim and not certainly not because they got the judgment they wanted from the district court without bringing a misrepresentation claim. True but I think ultimately the judge relied partly on this notion that somehow there was a misrepresentation coming to its conclusion. And it sidestepped both the definition of what a policy period is and also the extended reporting. It doesn't sidestep at all. The policy couldn't be more explicit in defining the policy period. And I'm going to use the second policy. From 5-1-13 to 5-1-14, 12-01 a.m. standard time. I mean it's very precise as what the policy period is. And when that phrase is used throughout the policy it's always in quotes. Right. So it's defined. And the allegation is that your client had notice of this situation that should have resulted in reporting to the carrier and didn't report to the carrier before this time period. That's what it seems to be about. But if you have an initial policy period that's followed by a renewal policy period. Well I'm looking at the second one. The second one doesn't say we reach back to cover the first period. It's very precise. It's that one year period. Not the one year plus the time you were insured by us before. But if you're a reasonable insured looking at that policy provision you're never going to think that there's a trapdoor of coverage between what it appeared to be two seamless policies one after another. A reasonable insured is going to think if you renew that policy you're going to have a continuation of that coverage. Why is that reasonable? If you have two identically situated insureds paying the same premium and one has this is their first policy with the company and the other one it's their second third or fifteenth policy with the company. Why would the result be different? Why would the analysis be different? I just don't see that. Well because if you're going to renew the policy the reasonable expectation a reasonable insured is going to think that that creates a seamless coverage. Why? That's I guess that's my question. Why is that reasonable when you know that your neighbor who's doing this for the first time has the exact policy word-for-word except the address of the you know insured and they don't get to reach back and you do? I guess I don't understand why that's reasonable. I know why you want it to be so but I don't understand why that would be reasonable. And again I would refer to the the four cases cited by AIC in the brief Castile versus Admiral. But again those are all the minority view cases. But they but they make sense in the sense that again if there's this if there's this. But you're but but the problem as I think we're all saying here basically is you you're suggesting that because you have one following another and another and another that it converts it into an occurrence policy rather. That's not what that's not what insurance companies do. They underwrite based upon a set period if you have a claim. Claims made policy. Your argument would basically if it were accepted do away with claims made policies in Alaska. They'd just be gone. They would say okay we're gonna do occurrence if they do it at all and it's gonna be a whole lot more expensive because you can then reach back to whatever period of time and you're covered. If this court is inclined to look at the two policy periods separately the analysis is still not over and the district court did not touch on that. They did not touch on the extended reporting periods. The policy provides that if the policy ends there is a 90-day extended reporting period essentially a 90-day grace period. If there's a cancellation or a non-renewal. Right. And that's not what you have here. You have a renewal. The term cancellation is what has to be defined in that context. And you're going to again if you put yourself in the reasonable expectations of the insured you're going to think if that policy is coming to an end and a totally new policy is starting that policy is effectively canceled. It's over. It's done. So you're entitled to that 90-day. I know you're a very smart guy but that's not what cancellation means and you know it. I mean doesn't the policy define what that is? Cancellation? No it does not. But what I would suggest to you is that if you adopt that principle if you adopt the holding of Crum and Forrester what you would be doing is essentially giving more coverage to someone that was either canceled or non-renewed and less coverage that someone actually renewed the policy. That's what they agreed to. That's what they underwrote. They agreed that if you cancel a policy or you don't renew it they will give you 90 extra days to make the claim. They underwrite for that. It's clear they understand it. What you're recommending if I understand it correctly is that you have an occurrence policy as long as you renew it. One year, two years or as my colleague mentioned 15 years later you can say whoop I was covered in this whole time I want you to cover it. Well I'm specifically talking about the two exclusions that the district court relied on. The policy provision that provides you have to give notice of the claim and the claim has to be made during the same policy period. Construing that in the manner where you look at the two policy periods together doesn't do away with the claims made policies. The other provision the district court relied on was that AIC was aware of wrongful conduct before the inception of the period. Well if you combine the two policy periods together and you look back to December 1 even if you don't if you if you take my colleague Judge Clifton talking about you read for what that was the policy period is you knew by your statement on January 10th 2013 a claim had been made right? Right. Okay that was within the No question it's real straightforward. What's the what's the what's the issue about that? Well I mean if you're looking at what when AIC knew of the wrongful conduct that resulted in the claim they did not know anything about that on December 1 2011 which was the beginning of the initial policy period. They don't have to as long as as long as they know about it during the policy period they're supposed to report it right? That's correct. Okay you didn't do that. Well ultimately we did report the claim on June 19 2013 and from AIC standpoint when the claim was made on January 10th 2013 it dismissed its collections lawsuit which is seeking about a million dollars so in AIC's mind the claim was over it was resolved there's nothing to report and so then but it did it it's not what the other side did though right? They still had the claim. Right but we're looking at this from the reasonable expectations of the and if AIC believes that the claim was resolved and that no lawsuit would result that's AIC's perspective that's the reasonable insurance perspective of what it was obligated to do or not do. And what the district court was talking about in terms of the gamble? Well true but again if we're talking about the gamble we're talking about two things one we're talking about this alleged misrepresentation that happened in the application the district court appeared to be critical of AIC for not reporting this in its application which again is not relevant to this case. Well they thought you were gaming thought you were gaming the insurance company. Right and that you know to the extent that we want to talk about factual issues that would be a factual issue because AIC did not wasn't like sitting around plotting thinking that how are we going to disguise this from the insurance company it simply resolved the matter by dismissing the collections lawsuit and went on to business and got back to work the idea that it thought that a lawsuit was going to be filed is a factual issue that ultimately a jury would have to resolve. I see that I'm down to two minutes so I will sit down. Thank you. We'll hear from Ms. Rutledge. May it please the court my name is Theresa May Rutledge and I represent Crum and Forrester Specialty Insurance Company Appley. I'll refer to us as CNF and similarly to my colleague AIC it's Alaska Interstate Construction Company. I wanted to first just briefly say that cancellation is defined in the policy you can find that on SER 77 and it sets forth the conditions under which CMF may cancel the policy and the timing of such. I also wanted to point out that councils I think as the court has referred to the situation where a claim is received the day before policy ends and is reported the next day that actually had is briefed in our in our papers by the root case. As respects of this court's order which I thank you for I thank you for the ability to take a I'll go through those and return if I can to expand. First of all while the court is of course within its discretion to ignore an incorrect concession of law it's there are also in the records concessions of fact which are different. The facts lead to the inexorable conclusion that a claim was made as of January 10th 2013 and a claim was received by AIC more importantly. Based on this factual concession regardless of the Diemer Clause identified by the court the alternative ground for summary judgment must be upheld because before the policy period during I'm sorry I'm nervous because before that the policy requirement that before the policy period no insured had any knowledge of a wrongful act that could reasonably give rise to a claim. If a claim already existed necessarily the wrongful acts underlying it could give rise to a claim. There's simply no fact issue respecting that alternative ground regardless of the Diemer Clause. Let me be sure I understand your position counsel you're saying that if the court were to construe the claim and reporting as in order to satisfy it you're saying that because they have conceded and counsel has graciously conceded today that this client is bound by the fact that the claim was made January 10 2013 you're saying that even though there's a provision of the policy that is different that because they refused or declined to report this which basically is a condition precedent to the the new policies coverage basically you can exclude it if you have a known claim from the past because they didn't report it you're saying that that's an alternative ground for upholding the January 10th date as being a made and reported if you will equivalent correct because the policy has the policies ensuring agreement includes six separate requirements that are conditions precedent the court has identified a clause following the sixth one of those the claims made and reported I am talking about number one wrongful acts reason that that could lead reasonably give rise to excuse me a claim if a claim already exists the under the underlying wrongful acts could reasonably give rise to that claim it already exists very very normal is it not in any kind of an insurance particularly in a claims-made policy equivalent of a pre-existing condition in a medical situation right you want to know if there is a claim out there because if there is it's already known you want to exclude it from the coverage of the policy and it is consistent with the prior policy the policy has a requirement that you report wrongful acts during that policy period in fact if you look at the demer clause on that the court has identified and I'll tell you I think that that deals with timing problems it is maybe not the very best example of such a demer clause that I have ever seen but the demer clauses following deal with other timing problems so the briefing discusses how a claims-made policy basically consolidates losses into a single policy period all three demer clauses deal with timing problems that is situations that could be attributed able to one or another policy period I think that the demer clause that the court has actually written for the situation where a wrongful act or a situation has been reported to the insurance company before a claim was actually made the court deems that claim that which could be read to be have been made when it was reported or the subsequent period when the claim was actually made in either policy period the demer clause says no we're going to attribute that to the policy period when the wrongful acts were reported to us if you look at the next two demer clauses following the language the court has identified they also deal with timing problems they deal with several claims arising from out of rising out of this a collection of wrongful acts those will be deemed to have been made at the time when the first claim was made similarly and I think the other one deals with claims several claims made against the same person or organization they too will be deemed to have been made in the earliest policy period let's just let's say you're correct we look at the record that the district court established mm-hmm and what the district court decided what in the record would you cite us to as evidence that the district court agreed with your analysis in this case I will identify two main things in again thinking about the courts phrasing of this issue what is a legal concession what is a factual concession so on exe or er 49 the declaration of miss angles she says and I'm going to go ahead and read this paragraph in full on January 10th 2013 I received a call from our counsel advising VC sellers had and now was not only refusing to pay a ICS final invoice but plans to file counterclaims related to the use of uncertified scales and for alleged overcharges based on quantity discrepancies and then she goes on to say this is the first time I learned VC sellers was contemplating a claim against AIC now whether or not miss angles is qualified to make the legal determination of whether a claim has occurred under the policy she admits that she that her counsel was reached out by VC sellers that VC sellers told her told a ICS counsel you're gonna be sued a claim under the policy is a demand for damages damages is defined to mean the monetary amount of any judgment award or settlement that an insured is legally obligated to pay as the result of a sue you is a claim I will also time the position I see is that well okay we'll stop trying to collect the last invoice or whatever was whatever balance is remaining the whole thing's gonna go away at that point and nothing happens for a while why is that unreasonable whether or not it is unreasonable a CNF is entitled to reporting on it it's a part of the duty to defend the ability to control and handle claims it's a part of how the policy is rated it's a part of how claims made and reported policies are written by requiring that notice CNF standard for insurance cases isn't the reasonable expectation of the insurer it's the reasonable expectation of the insured that the insurers losing a lot of sleep over how policies are rated by insurance companies I would I would disagree I think that those insure ads in industries that have high risks that are hard to ensure that are insured on a claims made basis pretty much exclusively should be worried about that because the the policy requirements make this insurance available to them so bottom line is you're saying that the fact that the court cited ER 49 and what they knew at that point is sufficient to if you will provide a factual determination by the district court that you could rely upon to close the gap here correct the facts admitted compel the determination that a claim existed the policy has independent requirements once a claim exists even if the Deamer is construed and I'm not saying that this is how it should be construed but even if the Deamer clause is construed to change the requirement that a claim must be reported when it is made I will also say just as as kind of a supplement to that argument that same provision on which the district court granted summary judgment and which this court is asking about specifically incorporates a condition from the policies common condition forms and that condition is the duties in the event of a claim or suit that and I tell you where that is that condition does not use the language claim made even if the Deamer clause is construed to change the definition of claims made this incorporated provision requires that the insured report report claims received as soon as practicable and that policy provision also says and during the policy period now the Pacific employers case cited in our brief construes this language as soon as practicable means prompt it means reasonable it means when feasible but when coupled with the during the policy period language it means at all times during the policy period the Deamer clause if it changes the meaning of claims made does not change that second incorporated provision the summary judgment must state stand on that ground as well as an alternative ground yes okay I would like to just you haven't asked it but I'm gonna mention professional services the I just want to say the policy even though we do not have a case that you don't need to reach that if we agree with your position on the timing nope that's true you're offering this is an alternative for some reason we don't buy on to timing that I have another I have many arguments so that the court also granted just as a reminder of summary judgment as to the first five causes of action in the VC sellers complaint on the basis that no professional services were alleged all five of those causes of action dealt with over billing or fraudulent billing however you want to call it the cases uniformly say that billing is a function of being in the marketplace it is not a professional service the policy defines professional services as functions by you for others with respect to the your professional practice but the duty to defend would still persist under the district courts decision because it didn't exclude all of the claims that's true one claim remaining on that specific round that was that we did not challenge but I gather your claim about that sixth cause of action is that that also was billing related was not related to the actually if that one doesn't fall into the professional services argument at all it is it is late late made and we believe that summary judgment is is proper as to everything on that basis but the professional service should the court and strew the facts deceit that a claim is not made sorry we shouldn't consider the sixth cause of action at all in connection with any professional services I we haven't appealed that one so no okay um so just to kind of put a point on that one billing is not for others that's part of the definition billing is for you after your professional services one bills to collect money that's for you not for others it's not part of your professional practice I'm happy to continue to talk about the demer clause if the court has any further questions for me I don't believe that we do thank you okay thank you mr. gross you have a couple of minutes remaining 133 in fact I thank you very briefly I would like to again have the court pay careful attention to the four cases that AIC cited it's brief because I do think they they say they resonate a very sound proposition and that is that you must combine these these policy periods together because otherwise you're creating this trapdoor between two to what appears to be two seamless coverages I don't believe it's necessarily the minority view I don't think there's necessarily a majority view in a minority view I think this must roll up his sleeves look at each decision figure out which one is more agree that under current law it's not clear under Alaska law which is the governing rule that's true there is no Alaska Supreme Court decision on that particular issue there is an Alaska Supreme Court decision on notice prejudice rules and we've heard a little bit about that earlier today about that we've known and Weaver brothers versus Chapel is very clear that those type of clauses are disfavored and that in a in a courage based policy you must show actual prejudice in order to allow for a denial based on a delay so as a sort of overarching principle this court should consider the fact that this notice delay provision should be looked upon with disfavor I'd also like to point out that the duty to report provision that was discussed a little bit here today that does create a factual issue because the factual issue would be was it reasonable for AIC to think that they would not have an no lawsuit would have been filed if an insured believes that no lawsuit will result from a particular occurrence there is a question of fact as to whether in fact they have to report that particular event to the insurance company don't have to get to that at all low do we if if we conclude that the claim was not made within the policy period if this court concludes that the that the two policy praises reviewed separately then you would not reach that again I would encourage the court to take a careful look at the extended reporting periods also seemed to weaken your argument that this belongs under any and all policy if the reason your client didn't think a claim would be pursued as the billing problem had been resolved by your client deciding not to pursue the bill that calls into question whether it's a professional services problem at all well with regard to that the district court was correct to determine that the sixth cause of action which dealt with certification or scale was sufficiently connected to professional services to warrant the existence of coverage I would also throw in that the first five causes of action likely also should have been considered professional services because obviously I don't have much time to go into detail but yeah you have you have reached the end but please finish the answer the basic response is that it all dealt with reducing the overall moisture content of the soil which is very technical all dealt with how much they were being billed they weren't saying that you didn't properly decontaminate this soil they're saying you ran the same soil and charged us each time you ran the same soil over the belt that didn't have anything to do with professional services I had to do with how much you were billing the underlying conduct is what you have to look at yeah they're not saying that you were wrong and running the soil over the belt multiple times because the moisture content was too high they were saying you were wrong and charging them for the same cubic yard whatever it was each time you ran the same soil over the belt I disagree in the sense that at the trial court level in that particular case that was a hotly contested issue as to whether it was appropriate or needed to to take the remediate soil blend it back in with the contaminated soil in order to reduce the moisture content that was the hotly contested issue at the trial court level in that case so that would that would be an indication that that was a professional service thank you counsel the case just argued is submitted and we appreciate the helpful arguments for both of you and we will stand adjourned for this morning's session thank you
judges: Graber, Clifton, M. Smith